CAUSE NO. 0-05-451

| | | |
|---|---|---|
| NAVASOTA RESOURCES, L.P. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | LEON COUNTY, TEXAS |
| | § | |
| FIRST SOURCE TEXAS, INC., | § | |
| FIRST SOURCE GAS, L.P., | § | |
| GASTAR EXPLORATION, LTD., | § | |
| AND CHESAPEAKE ENERGY | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 12TH JUDICIAL DISTRICT |

### ANSWER TO PLAINTIFF'S FOURTH AMENDED PETITION, ANSWER TO THE CHESAPEAKE DEFENDANTS' CROSS-ACTION, AND COUNTERCLAIM AND CROSS-ACTION IN INTERPLEADER

Defendants Gastar Exploration Texas, L.P. f/k/a First Source Gas, L.P. ("GETLP"), Gastar Exploration Texas, LLC, and Gastar Exploration, Ltd. (collectively "the Gastar Defendants"), file their answer to Plaintiff's Fourth Amended Petition. Defendants GETLP and Gastar Exploration Ltd. file this answer to the cross-action filed by Chesapeake Energy Corporation, Chesapeake Exploration Limited Partnership, and Chesapeake Operating, Inc. (collectively "the Chesapeake Defendants"). Defendant GETLP files this counterclaim against Plaintiff and this cross-action against the Chesapeake Defendants in interpleader, pursuant Texas Rule of Civil Procedure 43.

### Answer to Plaintiff's Fourth Amended Petition

#### I.

The Gastar Defendants generally deny the allegations of the Fourth Amended Petition.

#### II.

The Gastar Defendants made no entry that could constitute a trespass.

III.

The Gastar Defendants owned interests in the leases in question and had the right to drill and operate wells on those leases.

IV.

Navasota waived any claims against the Gastar Defendants.

V.

Navasota's claims are barred by estoppel.

VI.

Navasota did not have a right to possession that would support a trespass claim.

VII.

The Gastar Defendants' actions were justified by a good faith belief that Navasota had not exercised its preferential right to purchase.

WHEREFORE, PREMISES CONSIDERED, the Gastar Defendants pray that Plaintiff take nothing and that the Gastar Defendants recover their costs.

**Answer to Cross-Action**

VIII.

Gastar Exploration, Ltd. and GETLP generally deny the allegations of the Cross-Action filed by the Chesapeake Defendants.

IX.

The Chesapeake Defendants' claims are barred by waiver.

X.

The Chesapeake Defendants' claims are barred by estoppel.

XI.

The Chesapeake Defendants' claims are barred by the provisions of Section 4.5 of the Purchase and Sale Agreement and Exploration and Development Agreement dated effective November 4, 2005.

XII.

The Chesapeake Defendants' claims are barred by the provisions of Section 3.5 and Schedule 3.5 of the Common Share Purchase Agreement dated effective November 4, 2005.

WHEREFORE, PREMISES CONSIDERED, the Gastar Exploration, Ltd. and GETLP pray that the Cheseapeake Defendants take nothing by way of their Cross-Action and that Gastar Exploration, Ltd. and GETLP recover their costs.

**Counterclaim and Cross-Claim in Interpleader**

XIII.

GETLP complains of Plaintiff Navasota Resources, Inc. ("Plaintiff") and the Chesapeake Defendants, and for cause of action shows:

XIV.

GETLP is the operator of the wells identified on Exhibit A. Both Plaintiff and the Chesapeake Defendants have made rival claims against GETLP to revenues from the wells identified on Exhibit A hereto. Specifically, Plaintiff has made both verbal and written demands on GETLP for distribution of revenues from those wells, and the Chesapeake Defendants have made both verbal and written demands on GETLP for distribution of revenues from those wells. Attached as Exhibit B is correspondence from Plaintiff making such demands. Additionally, the Chesapeake Defendants have sought in this case a declaratory judgment that they are entitled to

3

recoup expenses from the revenues from those wells.  See Paragraph XV of the Chesapeake

Defendants' Answer, Counterclaim, and Cross-Action dated August 28, 2009, a copy of which is

attached as Exhibit C.

## XV.

The claims of Plaintiff and the Chesapeake Defendants are adverse and conflicting, and

GETLP is unable to determine which party or parties are entitled to the net revenues from the

wells, after deduction of any joint interest billings relating to the wells.  Through June 2009

production, the total amount of the net revenues from the wells, after deduction of any joint

interest billings relating to the wells, that is in dispute is $1,077,039.31.  Additional amounts will

continue to accrue and be subject to dispute based on the positions taken by Plaintiff and the

Chesapeake Defendants as additional gas is produced and sold.  With respect to the

$1,077,039.31 in net revenues through June 2009 production and additional net revenues from

the sale of future production (after deduction of any joint interest billings), GETLP is in the

position of an innocent stakeholder faced with the possibility of multiple liability and incidental

costs.

## XVI.

GETLP neither has, nor claims, any interest in the net revenues described in the

preceding paragraph, which GETLP has at all times been willing to deliver such funds to the

person or persons entitled to possession.

## XVII.

GETLP has in no way colluded with any other party concerning the net revenues

described above or the issues involved in this counterclaim and cross-claim in interpleader.

GETLP has not been, and will not be, indemnified in any manner by any party. GETLP has filed

this counterclaim and cross-claim in interpleader of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

## XVIII.

GETLP unconditionally offers to and is ready to deposit with the Court the sum of $1,077,039.31, which represents the amount of the net revenues from the wells listed on Exhibit A which are the subject of the rival claims of Plaintiff and the Chesapeake Defendants, after deduction for joint interest billings associated with the wells. GETLP also unconditionally offers to and is ready to deposit with the Court additional net revenues on future production which are the subject of the rival claims of Plaintiff and the Chesapeake Defendants, after deduction for joint interest billings associated with the wells, promptly after those disputed net revenues are received. GETLP has, simultaneous with the filing of this counterclaim and cross-claim in interpleader, filed a motion with the Court seeking an Order permitting it to deposit such funds into the registry of this Court.

## XIX.

For the reasons stated, GETLP requests that Plaintiff and the Chesapeake Defendants be required to interplead their claims to the net revenues from the wells identified on Exhibit A, which GETLP seeks to deposit into the registry of the Court, that the Court order that GETLP be released and discharged from all liability to Plaintiff and the Chesapeake Defendants on account of the payment of the net revenues from the wells identified on Exhibit A (after deduction of joint interest billings relating to those wells), that GETLP recover its costs, and that GETLP recover such other and further relief to which it may be justly entitled.

Respectfully submitted,

**VINSON & ELKINS, LLP**

_[signature: Quin Thompson]_   _[handwritten: by permission Holly Rumbaugh]_

James D. Thompson, III
State Bar No. 19918500
Guy S. Lipe
State Bar No. 12394600
1001 Fannin St., Suite 2500
Houston, Texas  77002
Telephone: 713-758-4502
Facsimile: 713-615-5765


**ROGER KNIGHT, JR., INC.**
Roger Knight, Jr.
State Bar No. 11611000
Kevin Roger Knight
State Bar No. 11601400
Post Office Box 925
714 South Madison
Madisonville, Texas 77864
Telephone: (936) 348-3543
FAX: (936) 348-5433


**ATTORNEYS FOR
THE GASTAR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this **9th day of September, 2009**, a true and correct copy of the foregoing pleading was served on the following counsel via the delivery method indicated below.

*Attorneys for Plaintiff – Via Hand-Delivery*
Kirk L. Worley
Allen D. Cummings
HAYNES & BOONE, LLP
1221 McKinney, Suite 2100
Houston, Texas 77010

*Attorneys for Chesapeake Defendants – Via Hand-Delivery*
Jesse R. Pierce
JESSE R. PIERCE & ASSOCIATES, P.C.
4203 Montrose Blvd.
Houston, TX 77006

Ms. Gayle Wilson Ray – *Certified Mail, Return Receipt Requested*
P.O. Drawer 340
Buffalo, Texas 775831

_____
James D. Thompson, III