CAUSE NO. 0-05-451

| | | |
|---|---|---|
| NAVASOTA RESOURCES, LP, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | LEON COUNTY, TEXAS |
| FIRST SOURCE TEXAS, INC., | § | |
| FIRST SOURCE GAS, LP, | § | |
| GASTAR EXPLORATION, LTD., | § | |
| AND CHESAPEAKE ENERGY | § | |
| CORPORATION | § | |
| | § | |
| Defendants. | § | 12th JUDICIAL DISTRICT |

## ANSWER TO FOURTH AMENDED PETITION, COUNTERCLAIM, AND CROSS-ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Chesapeake Energy Corporation, Chesapeake Exploration Limited Partnership, and Chesapeake Operating, Inc. (collectively "Chesapeake") file this Answer to the Fourth Amended Petition of Plaintiff Navasota Resources, Ltd., LLP, formerly known as Navasota Resources, L.P. ("Navasota"), Counterclaim against Navasota, and Cross-action against Gastar Exploration, Ltd. and First Source Gas, L.P., and would respectfully show the following:

### Answer

I.

Chesapeake generally denies the allegations of the Fourth Amended Petition.

## II.

Chesapeake made no entry that could constitute a trespass.

## III.

Chesapeake owned leases included in the units for the Landers No. 1, the DCR No. 1, and the Sublett wells, and thus had the right to drill and operate these wells.

## IV.

Navasota consented to Chesapeake's drilling of the Landers No. 1, the DCR No.1, the Sublett, and the Camp Creek wells.

## V.

Navasota waived any claims against Chesapeake.

## VI.

Navasota's claims are barred by estoppel.

## VII.

Navasota did not have a right to possession that would support a trespass claim.

## VIII.

Chesapeake's actions were justified by its good faith belief that Navasota had not exercised the preferential right to purchase and that Chesapeake held title to the 33.3% interest it had purchased, and is therefore entitled to recover its costs of improving the Hilltop Prospect properties.

IX.

As an affirmative defense to Navasota's claim of tortious interference, Chesapeake's conduct is justified by its good faith belief that it held a valid legal right to purchase, take possession of, and improve the Hilltop Prospect properties.

X.

Based on the ruling of the Tenth Court of Appeals, Chesapeake has assigned to Navasota the lands determined to have been subject to the preferential right to purchase.

WHEREFORE, PREMISES CONSIDERED, Defendants Chesapeake Energy Corporation, Chesapeake Exploration Limited Partnership, and Chesapeake Operating, Inc. pray that Navasota Resources Ltd., LLP take nothing and that Defendants recover their costs.

**Counterclaim**

XI.

First Source Texas, Inc. ("First Source") and Navasota Resources entered into a Joint Operating Agreement ("JOA") on July 7, 2000 covering, *inter alia*, certain land and leases known as the "Hilltop Prospect" in Leon County. The JOA contained a preferential right to purchase provision that provided if any party desired to sell all or any part of its interest under the agreement, the other party could purchase the interest on the same terms and conditions as a prospective third-party purchaser. In September 2005, Gastar Exploration, Ltd. ("Gastar"), the parent corporation of First Source, and Chesapeake Energy Corporation entered into a Letter of Intent under which Chesapeake agreed to purchase assets in the

Hilltop Prospect that were subject to the JOA. When Navasota Resources failed to agree to purchase the assets on the same terms as those offered by Chesapeake, Gastar sold the Hilltop Prospect properties to Chesapeake.

XII.

On January 9, 2008, the Court of Appeals ruled that Navasota had properly exercised its preferential right to purchase provision and was entitled to purchase the Hilltop Prospect properties. In accordance with the court's judgment, Chesapeake conveyed the Hilltop Prospect properties to Navasota and received payment of $5,009,932 for the cost of the Hilltop Prospect properties at $700 per acre and $20,465,840 for Chesapeake's share of the costs of drilling the first six wells (the "Obligatory Wells") required under the Purchase and Sale Agreement and Exploration and Development Agreement with Gastar/First Source. However, there remain unresolved accounting issues and reimbursements due Chesapeake for amounts expended by Chesapeake in good faith to improve and develop the Hilltop Prospect properties during the pendency of this litigation.

XIII.

After purchasing the interest in the Hilltop Prospect properties, Chesapeake paid $3,560,720.98 to obtain extensions and renewals of oil and gas leases on those properties, and participated in the drilling of the six Obligatory Wells, and thereafter participated in the drilling and completion of 21 additional wells on the Hilltop Prospect properties (the "Subsequent Wells"). Chesapeake in good faith expended $3,560,720.98 for extension and

renewal of leases in the Hilltop Prospect, $11,417,108 through December 2008 as its share of the costs of completing and operating the Obligatory Wells and $46,417,213.36 through December 2008 as its share of the costs of drilling, completing, and operating the Subsequent Wells. Navasota will receive and retain the benefit of these expenditures by Chesapeake.

XIV.

Chesapeake's expenditure of money to extend or renew leases and to drill and produce the Obligatory Wells and the Subsequent Wells, all of which improved and added value to the Hilltop Prospect assets, was made in the good faith belief that it was entitled to the interest that it had purchased from Gastar. At the time Chesapeake made these expenditures, Navasota Resources did not have a right to possession of the Hilltop Prospect assets. Chesapeake is therefore entitled to reimbursement from Navasota Resources of the amounts Chesapeake expended to extend or renew leases, to drill, complete, and operate the Obligatory Wells, and to drill, complete, and operate the Subsequent Wells, less that portion recouped from the proceeds of oil and gas production from such wells received by Chesapeake or offset by the operators of such wells.

XV.

Pursuant to TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*, Chesapeake seeks a declaratory judgment that it is entitled to recoup from the proceeds of production from the Obligatory Wells and the Subsequent Wells its unrecouped expenses of lease extension and renewal, the costs of completing and operating the Obligatory Wells, and the costs of drilling,

completing, and operating the Subsequent Wells. Alternatively, Chesapeake seeks recovery from Navasota Resources for Chesapeake's costs for extension and renewal of leases in the Hilltop Prospect in the amount of $3,560,720.98, the portion of its $5,696,777.10 expenditure for completing and operating the Obligatory Wells that remains unrecouped as of time of trial, and the portion of its $19,611,676.60 expenditure for drilling, completing, and operating the Subsequent Wells that remains unrecouped as of time of trial.

**Cross-Action**

XVI.

Plaintiff Chesapeake Exploration Limited Partnership is a limited partnership formed under Oklahoma law. Plaintiff Chesapeake Energy Corporation is a corporation chartered under the laws of Oklahoma. Plaintiff Chesapeake Operating, Inc. is a corporation chartered under the laws of Oklahoma. Defendant Gastar Exploration, Ltd. ("Gastar") is a Delaware limited liability company that has its principal place of business in Texas. Defendant First Source Gas, L.P. ("First Source") is a Delaware limited partnership that has its principal place of business in Texas.

XVII.

On September 16, 2005, Chesapeake entered into a letter of intent with Gastar Exploration, Ltd. pursuant to which Chesapeake agreed to (1) purchase shares of common stock in Gastar; (2) to purchase a portion of Gastar's interest in certain oil and gas properties known as the "Hilltop Prospect;" and (3) to enter into an Area of Mutual Interest Exploration

Agreement with Gastar covering certain counties in Texas, including Leon County. The three undertakings described in the letter of intent were interdependent and essential parts of an integrated transaction, all three of which were required to close in order for either party to be obligated to close on any one of the three transactions.

XVIII.

Effective November 4, 2005, Gastar/First Source, on the one hand, and Chesapeake Exploration Limited Partnership, on the other hand, executed: (i) a Purchase and Sale Agreement and Exploration and Development Agreement; and (ii) an Exploration and Development Agreement. Effective November 15, 2005, First Source/Gastar and Chesapeake Exploration Limited Partnership executed a Common Share Purchase Agreement. Effective November 4, 2005, First Source/Gastar and Chesapeake Exploration Limited Partnership executed a Registration Rights Agreement.

XIX.

When Chesapeake and Gastar executed the Purchase and Sale Agreement and Exploration and Development Agreement, they were aware that a third party, Navasota Resources, L.P., had made a claim to a right of first refusal on the oil and gas properties in the Hilltop Prospect. Chesapeake and Gastar recognized this claim and agreed that it would not constitute a title defect. However, Chesapeake and Gastar both believed that Navasota Resources, L.P. had not properly exercised its claimed right of first refusal and that the claim was therefore invalid. Therefore, Chesapeake closed the purchase of the Hilltop Prospect

684673-1                                             7

properties and the common stock, and paid $5,626,811 to Gastar for the Hilltop Prospect properties and $76,031,654.23 for the common stock of Gastar. Chesapeake and Gastar also closed on, and performed under, the Exploration and Development Agreement

XX.

In 2008, several years after closing of the three agreements, the Texas court of appeals determined that Navasota Resources, L.P.'s claimed right of first refusal was valid, and ordered Chesapeake to convey the Hilltop Prospect properties to Navasota Resources, L.P.

XXI.

Chesapeake and Gastar agreed in the Purchase and Sale Agreement and Exploration and Development Agreement that all of the agreements between them were negotiated as a whole and that the transactions would not be consummated without each of the matters covered by the three agreements.

XXII.

Chesapeake and Gastar were mutually mistaken as to their understanding and belief that the right of first refusal claim by Navasota Resources, L.P. was invalid and that Gastar was able to convey the Hilltop Prospect properties to Chesapeake free of the claim by Navasota Resources, L.P. Because of this mutual mistake, Chesapeake seeks to rescind the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement. Chesapeake offers to restore to Gastar all of the consideration

Chesapeake received in the transaction and restore Gastar to the *status quo ante*. Chesapeake is entitled to recover the amounts that it paid to Gastar for the common stock pursuant to the Common Share Purchase Agreement, and the Registration Rights Agreement.

XXIII.

The invalidity of the right of first refusal claimed by Navasota Resources, L.P. and Gastar's ability to convey the Hilltop Prospect properties free of the claim was a presupposed condition of the execution by Chesapeake and Gastar of the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement. Because of the failure of this condition, Chesapeake seeks to rescind the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement. Chesapeake offers to restore to Gastar all of the consideration Chesapeake received in the transaction and restore Gastar to the *status quo ante*. Chesapeake is entitled to recover the amounts that it paid to Gastar for the common stock pursuant to the Common Share Purchase Agreement, and the Registration Rights Agreement.

XXIV.

The failure of Chesapeake's and Gastar's common understanding and assumption that the right of first refusal claim by Navasota Resources, L.P. was invalid and that Gastar was able to convey the Hilltop Prospect properties to Chesapeake free of the claim by Navasota

Resources, L.P. frustrates the purpose of the Purchase and Sale Agreement and Exploration and Development Agreement and renders performance of that agreement commercially impracticable or impossible. This has the effect of frustrating the purpose of the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement, and rendering performance of those agreements commercially impracticable or impossible. Because of the frustration of the purpose of the agreements and the commercial impracticability or impossibility of performance, Chesapeake seeks to rescind the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement. Chesapeake offers to restore to Gastar all of the consideration Chesapeake received in the transaction and restore Gastar to the *status quo ante*. Chesapeake is entitled to recover the amounts that it paid to Gastar for the common stock pursuant to the Common Share Purchase Agreement, and the Registration Rights Agreement.

XXV.

Because Gastar was unable to convey the Hilltop Prospect properties to Chesapeake free of the claim by Navasota Resources, L.P., the consideration for the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, and the Common Share Purchase Agreement has failed in whole or in part. Chesapeake therefore seeks to rescind the Purchase and Sale Agreement and Exploration and

Development Agreement, the Exploration and Development Agreement, the Common Share Purchase Agreement, and the Registration Rights Agreement. Chesapeake offers to restore to Gastar all of the consideration Chesapeake received in the transaction and restore Gastar to the *status quo ante*. Chesapeake is entitled to recover the amounts that it paid to Gastar for the common stock pursuant to the Common Share Purchase Agreement, and the Registration Rights Agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Chesapeake Exploration Limited Partnership, Chesapeake Energy Corporation, and Chesapeake Operating, Inc. pray that this Court enter judgment: (a) that Navasota take nothing; (b) declaring that Chesapeake is entitled to recoup the foregoing expenditures from production or, alternatively, ordering Navasota to pay Chesapeake the unrecouped portion of those expenditures from Navasota; and (c) rescinding the Purchase and Sale Agreement and Exploration and Development Agreement, the Exploration and Development Agreement, and the Common Share Purchase Agreement and ordering that the parties restore the consideration received in the transaction, and for such other and further relief to which Chesapeake is entitled.

Respectfully submitted,

Jesse R. Pierce
State Bar No. 15995400
JESSE R. PIERCE & ASSOCIATES, P.C.
4203 Montrose Blvd
Houston, Texas 77006
Telephone (713) 634-3636
Telecopier (713) 634-3601
jrpierce@jrp-assoc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing pleading was served on the following attorneys of record on this 28th day of August, 2009, as follows:

[ ] Hand Delivery    [ ] Facsimile    [x] Certified Mail, RRR    [ ] Regular U.S. Mail

    Mr. Kirk Worley
    Haynes & Boone, LLP
    1221 McKinney, Suite 2100
    Houston, Texas 77010

    Mr. James D. Thompson, III
    Mr. Benjamin F.S. Elmore
    Vinson & Elkins, LLP
    2300 First City Tower
    1001 Fannin
    Houston, Texas 77002-6760

    Mr. Roger Knight, Jr.
    Mr. Kevin Roger Knight
    P. O. Box 925
    714 South Madison
    Madisonville, Texas 77864

    Ms. Gayle Wilson Ray
    P. O. Drawer 340
    Buffalo, Texas 75831

    _____
    Jesse R. Pierce